IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RAASIKH ROBERTSON,<br><br>      Plaintiff,<br><br>v.<br><br>KENDRA ROSS, et al.,<br><br>      Defendants. | Civil Action No. 2:21-cv-02014-DDC-TJJ |

**DEFENDANT KENDRA ROSS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

Defendant Kendra Ross ("Kendra"), by counsel, presents this opposition to the Objection to the Unauthorized Transfer to a Court without Jurisdiction or Venue, United States District Court Has Limited Jurisdiction and Attorney Christopher S. Dove Has No Standing; Attorney Christopher S. Dove Lacks Standing; Objection to Attorney Christopher S. Dove as a Moot Point; and Objection to Attorney Christopher S. Dove Unethical Behaviour Transfer and Willful Violation of 18 USC 1341 Frauds and Swindles and Obstruction of Justice and Willful Failure of Proper Notice (collectively, the "Motion to Remand"), Dkt. Nos. 6–9, filed by Plaintiff Raasikh Robertson ("Robertson") on January 22, 2021 and January 25, 2021.  For the reasons set forth below, Robertson has not stated any grounds to remand the above-captioned action from this Court back to the District Court for Wyandotte County, Kansas.

INTRODUCTION

Robertson filed a complaint against Kendra and her mother, Defendant Cheryl Ross, alleging that Kendra (and only Kendra) breached a contract with, and defamed, Robertson's cult, the United Nation of Islam ("UNOI").  Robertson alleges that he suffered $1,740,000 in damages as a result. Kendra timely removed the case to this Court and filed a motion to dismiss the

-2-

complaint against her and her mother for failure to state a claim for relief. Robertson filed what is generously characterized as a Motion to Remand without advancing any proper grounds to remand this case back to the District Court for Wyandotte County. Removal remains appropriate in this case because this Court has original jurisdiction over this action, Kendra timely removed the case, and venue is proper.

BRIEF PROCEDURAL HISTORY

On September 11, 2020, Robertson filed a complaint in the District Court for Wyandotte County, Kansas. Robertson alleges that Kendra breached a membership agreement with their "community," the UNOI, and its successor organizations, The Value Creators and the Promise Keepers. Robertson also contends that Kendra defamed the UNOI by filing, and winning, her historic human trafficking case in this Court. Robertson does not allege that Defendant Cheryl Ross breached any contract or defamed anyone at any time despite naming her as a defendant. There is nothing in the state court file that indicates that Robertson ever attempted service on Kendra. On January 11, 2021, Kendra removed the case to this Court based on diversity jurisdiction. Kendra subsequently filed a motion to dismiss for failure to state a claim for relief on January 15, 2021.

On January 25, 2021, Robertson filed the instant Motion to Remand. According to Robertson, this Court lacks original jurisdiction because it "has no jurisdiction over common law or a private contract." Dkt. No. 9 at 1–2. Robertson additionally contends this Court is an improper venue and that Kendra's attorney lacked "standing" to remove. Dkt. No. 9 at 2–4. Finally, Robertson opaquely asserts that Kendra removed this case too late, even though she has never been served. Dkt. No. 7. Clearly, Robertson does not state any legitimate grounds to remand and removal to this Court is appropriate.

STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013). "Congress has empowered federal courts to hear certain cases removed from state court. Defendants may remove any state-court, civil action to federal court if the federal court has original jurisdiction over at least one of the plaintiff's claims." *Anson v. HCP Prairie Vill. Ks Opco LLC*, Case No. 20-2346-DDC-JPO, 2021 U.S. Dist. LEXIS 17056, at *7-8, 2021 WL 308156 (D. Kan. 2021) (citing 28 U.S.C. § 1441(a); 28 U.S.C. § 1367). The federal court must remand the case to state court if it lacks subject matter jurisdiction over the action. *Id.* (citing 28 U.S.C. § 1447(c)). The removing party must establish the appropriateness of removal from state to federal court. *Id.* (citing *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005)). "Further, in ruling on a motion to remand, a district court must focus on the plaintiff's complaint at the time the petition for removal was filed." *Ruiz v. Farmers Ins. Co.*, 757 F. Supp. 1196, 1197 (D. Kan. 1991).

ARGUMENT

The Court should deny the Motion to Remand. Robertson does not challenge Kendra's stated jurisdictional grounds to remove, and instead asserts several alternative theories as to why this Court should remand the case. For the following reasons, all of them are legally untenable.

**I.**   **Robertson Fails to Demonstrate How This Court Does Not Have Diversity Jurisdiction.**

In support of his Motion to Remand, Robertson claims this Court lacks federal jurisdiction. Dkt. No. 9 at 1–2. Notably, Robertson does not argue that this Court does not have subject matter jurisdiction based on ***diversity of citizenship***. *See generally*, Dkt. No. 9. Instead, he asserts that this Court only has subject matter jurisdiction over this case if the case raises a ***federal question*** of "Admiralty or Maritime jurisdiction," "a Trust law violation," "a claim dealing with

-3-

bankruptcy," under a federal statute, or "dealing with a constitutional violation." Dkt. No. 9 at 2. Kendra does not dispute that any of these categories could invoke this Court's subject matter jurisdiction, at least in some instances. She has not, however, invoked this Court's subject matter jurisdiction on the basis that it presents any federal question.

Instead, Kendra expressly removed this case based on the diversity of citizenship statute. Under 28 U.S.C. § 1332(a), the party seeking removal must show that complete diversity exists between the parties and that the amount in controversy exceeds $75,000. Complete diversity exists in this case because Robertson is a citizen of Kansas, and neither of the defendants, both of whom are in the United States, are citizens of Kansas. Dkt. No. 1:9–12; 28 U.S.C. § 1332(a)(1). In addition, the amount in controversy requirement is easily satisfied because Robertson demands $1,740,000 in damages, which far exceeds the $75,000 minimum threshold. Dkt. No. 1:13, *see* 28 U.S.C. § 1446(c) ("If removal of a civil action is sought on the basis of [diversity of citizenship], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ."). Robertson does not rebut Kendra's allegations of diversity jurisdiction, nor can he. This Court has subject matter jurisdiction under 28 U.S.C. § 1332. Robertson's nonsensical theories why this Court lacks federal question jurisdiction does not defeat the fact that this Court has original jurisdiction based on diversity jurisdiction.

**II.     Robertson Fails to Explain How Venue Layed in This Court Is Improper.**

Next, Robertson wrongly contends this Court is an improper venue. Dkt. No. 9 at 2–3. Robertson advances a perfunctory argument that this Court is not a federal district court as defined by 28 U.S.C. § 1391. Dkt. No. 9 at 3. 28 U.S.C. § 96 confirms that the District of Kansas is indeed one federal court, with a seat located in Kansas City, Kansas. *See also* 28 U.S.C. § 132.

Kendra properly removed this civil action to this Court because venue in this district and division is not just proper, but mandatory. The governing statute provides that removal must be

made "in the district court of the United States for the district and division within which such action is pending."  28 U.S.C. §§ 1441(a), 1446(a); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953) ("The venue of removed actions is governed by 28 U.S.C. § 1441(a)").  This Court and division embrace Wyandotte County, the jurisdiction where Robertson originally filed the complaint.  *See* D. KAN. RULE 38.1(A)(1).  Robertson even admits that the alleged breach of contract occurred in Wyandotte County, Kansas.  Dkt. No. 9 at 3.  Under the removal statute, venue is therefore proper in the Kansas City Division of the United States District Court for the District of Kansas.

**III.     Kendra, by Counsel, Properly Removed This Case Pursuant to 28 U.S.C. § 1441(a).**

Robertson additionally asserts a "standing" argument in support of his Motion to Remand.  Dkt. No. 9 at 3–4.  Specifically, Robertson believes Kendra's undersigned attorney, Christopher Dove, somehow lacks standing to file the Notice of Removal on behalf of his client.  This argument lacks merit for at least two reasons.

First, standing is a doctrine designed to determine whether a plaintiff — not a defendant's lawyer — is sufficiently injured to meet the case-or-controversy requirement of Article III.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Since Robertson, as the plaintiff, filed the complaint in state court, his standing argument is wholly misplaced.

Second, Kendra had statutory authority to remove this case to this Court based on the federal removal statute.  28 U.S.C. § 1441(a).  Robertson does not and cannot persuasively argue that Kendra's attorney "lacked standing" to file the Notice of Removal or any other subsequent motion on her behalf when federal law grants the defendant, through an admitted attorney, to remove the case.

**IV.     Kendra Timely Removed This Action.**

Finally, in his Motion to Remand, Robertson appears to contend that Kendra's Notice of

Removal was untimely. Dkt. No. 7. He states that "any filing once past the 30 days on the summons now becomes a moot point and has no foundation." Dkt. No. 7 at 1. He does not allege, however, nor could he, that Kendra was ever ***personally*** served. He also assumes that he properly served Defendant Cheryl Ross.[1]

Section 1446(b) requires that a defendant remove a case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Robertson has not served Kendra yet. Dkt. No. 1 at ¶ 16. Robertson improperly attempted to effectuate service on Kendra by serving McGuireWoods LLP with the summons and complaint. This does not constitute proper service on Kendra pursuant to KAN. CODE § 60-303. The McGuireWoods attorneys, who represented Kendra in her historic human trafficking lawsuit against the UNOI, are merely listed in the caption of the suit as Kendra's representatives. Dkt. No. 5, Ex. A, at 8. McGuireWoods is not Kendra's agent in this case and it did not accept service on her behalf. Simply stated, Robertson has never properly served Kendra with process in this case. Therefore, Kendra's 30-day period in which to remove this case has not yet begun, and removal of this action was timely.

\*     \*     \*

---

[1] Robertson claims that he served Defendant Cheryl Ross in Tennessee on October 1, 2020. *See* Dkt. No. 1, Ex. A. Robertson, however, has not stated any claim for any breach of contract or defamation. Moreover, there is very little (if any) likelihood that any Kansas court would or should find that it could exercise personal jurisdiction over Defendant Cheryl Ross on the facts alleged. As such, Defendant Cheryl Ross is fraudulently joined as a defendant in this case. *See Brazell v. Waite*, 525 Fed. App'x 878, 881 (10th Cir. 2013) (fraudulent joinder occurs when the plaintiff joins a defendant against whom no cause of action is stated). This Court should disregard the fraudulently joined party, here, Defendant Cheryl Ross, for removal purposes. *See id*. In addition, Robertson did not comply with KAN. CODE § 60-312 because he did not file his proof of service within 14 days of service on Defendant Cheryl Ross. *See* Dkt. No. 1, Ex. A (proof filed on October 28, 2020 when service occurred on October 1, 2020).

In short, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because, as an action between a citizen of different states, there is complete diversity, and the amount in controversy exceeds $75,000, and Kendra timely removed this case to this Court. Robertson has presented no persuasive reason why this Court should remand this case against Kendra. The Motion to Remand should be denied.

## CONCLUSION

For the foregoing reasons, Kendra respectfully requests that this Court deny Robertson's Motion to Remand and that the case remain in this Court.

Dated: February 12, 2021                          Respectfully submitted,

**KENDRA ROSS**

*By Counsel*

    /s/ *Chris Dove*
Christopher Dove KS #21251
DRZ Law, LLC
8700 State Line, Suite 305
Leawood, KS 66206
Tel: (913) 400-2033
chris@drzlawfirm.com

Anand Ramana (*pro hac vice* motion forthcoming)
Vedder Price P.C.
1401 I Street, N.W.
Suite 1100
Washington, D.C. 20005
Tel: (202) 312-3325
aramana@vedderprice.com

Francisca T. Wolfenson Chimenelli (*pro hac vice* motion forthcoming)
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
Tel: (312) 609-7500
fwolfenson@vedderprice.com
*Attorneys for Defendant Kendra Ross*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2021, I filed this document on this Court's electronic court filing system, and that I served the foregoing pleading on the following person by certified U.S. mail:

>Raasikh Robertson
>2111 N. 10th Street
>Kansas City, KS 66104

>    /s/ *Chris Dove*
>Christopher Dove KS #21251
>DRZ Law, LLC
>8700 State Line, Suite 305
>Leawood, KS 66206
>Tel: (913) 400-2033
>chris@drzlawfirm.com