**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**
**KANSAS CITY**

FILED
FEB 19 2021
TIMOTHY M. O'BRIEN CLERK
By: Deputy

Raasikh "last name of robertson"
Private party

Vs

Kendra Ross
Private party

Cheryl Ross
Private party

CASE# 2:21-CV-02014-KHV-TJJ
2:19-cv-02091-DDC-TJJ
2:21-cv-02013
2:21-cv-02011
2:21-cv-02012
FICTITIOUS NUMBER(S)

# OBJECTION TO THE LAWYER TRICKERY OF WORDS AND ABUSE OF JUDICIAL MECHANICS TO OBSTRUCT THE ADMINISTRATIVE JUSTICE OF SUBSTANTIVE DUE PROCESS

I, Raasikh "last name of robertson" Object to Attorney Christopher S. Dove' racist remarks that I belong to a cult and that the UNOI was a cult as Mr. Dove has no knowledge or has been a member of our community. Legally, this is racial discrimination and profiling and, on a human level; deeply insulting.

However, it is a Congressional fact that the National Lawyer Guild is a communist cult with the intent to overthrow the constitution and bring in the Communist Manifesto in order to overthrow a constitutional form of government. This now violates 36 USC 70503 section (c) grounds for disqualification.

Though Mr. Dove has a proclivity for insulting people he'll possibly never meet, Know or Understand; I, Raasikh "last name of robertson " will address the following facts (and not theories, concepts or lies):

1. Fact: in the ROSS vs. Jenkins Case# 17-2547-DDC-TJJ; Kendra won by default judgement on procedural grounds based on Mr. Jenkins being unable to retain a lawyer.

2. Fact: No lawyer would take the case on the grounds Kendra Ross had nothing of value and MCGUIREWOODS LLP and the College Washburn University School of Law retained the case pro bono,

3. Fact: the UNOI community received only a few quotes (after being rejected by all other law firms) of $70,000 to a possible $150,000 to litigate the case because their firms had nothing to gain in which, the community had nowhere near the means to pay those high sums.

4. Fact: The federal court would not allow Mr. Jenkins to be represented by his Power of Attorney in Fact there by forcing a default by denying Him due process.

5. Fact: Kendra Ross and Cheryl Ross both defaulted IN THE TWENTY-NINTH JUDICIAL DISTRICT COURT, WYANDOTTE COUNTY, KANSAS CIVIL DEPARTMENT,

6. Fact: Whereas Kendra Ross still retains local college professor Gillian Chadwick of Washburn University School of Law here in Kansas and MCGUIREWOODS LLP as pro bono attorneys which means service upon any one of them constitutes proper service:

   a.) **KAN. STAT. ANN. § 60-304(e)(1)(2)(3) Service of process, on whom made.**

   (1) Serving an officer, manager, partner or a resident, managing or general agent;
   (2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or
   (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
   **Service by return receipt delivery** on an officer, partner or **agent** must be addressed to the person at the person's usual place of business.

   b.) **NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL:** (University of Pennsylvania Law Review volume 65 November 1916 number 1) (2006 Alabama Code Section 8-2-8 both principal and agent have notice of whatever either has notice of)

   c.) Gillian Chadwick of Washburn University School of Law nor MCGUIREWOODS LLP has filed any documentation on record into the court that states their removal of service from KENDRA ROSS' original complaint and,

   d.) Gillian Chadwick of Washburn University School of Law and MCGUIREWOODS LLP are *currently* seeking to collect on their fraudulent default judgement on KENDRA ROSS' behalf so, common sense dictates that they are still representing her and,

   e.) The mere fact that YOU Attorney Christopher S. Dove answered on behalf of Kendra Ross and Cheryl Ross is proof of PROPER service in and of itself.

7. Fact: Attorney Christopher S. Dove failed to look into (or completely ignored) the county court records to discover the proof of service filed into the clerk of court and has been recorded. (See Evidence 'A' (Exhibit A))

8. Fact: Attorney Christopher S. Dove has also violated Rule 11 being an attorney as he knew or should have known that **wet ink signatures** are *required* on **all court filings** and it's not up to this private party to remind an officer of the court the proper methods of filing paperwork.

> (Puckett v. Cox, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA).

9. Fact: Attorney Christopher S. Dove being under an oath to follow the rules of the court knows or should have known when a complaint was filed the proper response comes under the civil rule 7, 8, and 9 of the federal rules of civil procedure.

> "The defendant lawyers acting in conspiracy with state actors under color of law have become state actors in this case. The U.S. Supreme Court has ruled that "private parties", lawyers in this case, may be held to the same standard of "state actors" where the final and decisive act was carried out in conspiracy with a state actor or state official. See Dennis v. Sparks, 449 U.S. 24, 101 S. Ct., 183 also See Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598"

10. Fact: Attorney Christopher S. Dove is circumventing the rules on a default claim filed under good faith and more allotted time given in good faith due to the COVID-19 virus and court closings.

> "The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires. S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000)."

11. Fact: Attorney Christopher S. Dove has pointed out the unskilled filing of this party's filing and whereas this party is not a lawyer but uses common words to set fort his claim in common language without all the trickery of words, I do point to the case law below:

> "Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). Thus, if this court were to entertain any motion to dismiss this court would have to apply the standards of White v. Bloom. Furthermore, if there is any possible theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss this case."

12. Fact: Attorney Christopher S. Dove is trying to hold this party to a higher set of standards that he "himself" is held to and as per your own written case law pointed out below that a claim was stated and a trial by jury was requested in order to provide further evidence of this party' claim was denied when Kendra Ross and Cheryl Ross failed to comply with the lawful summons.

> "Pro se litigants' court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992)(holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); Then v. I.N.S., 58 F.Supp.2d 422, 429 (D.N.J. 1999)."

13. Fact: Attorney Christopher S. Dove is himself in violation of case law as he likes to point out case law himself.

> "The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires. S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally); Poling v. K.Hovnanian Enterprises, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000)."

14. Fact: Again the fact is Attorney Christopher S. Dove is mixing apples and oranges on his worthless debate on the filing of this party when the issue comes down to one thing, "DID" Kendra and Cheryl Ross both fail to answer the summons from the lower county court whether you want to claim it's lawful, legal, theoretical or the time limit set by Congress and supreme court in the Rules of Court by federal and State rules to respond. YES OR NO THAT'S THE POINT; DID THEY RESPOND IN A TIMELY MANNER?

> "Defendant has the right to submit pro se briefs on appeal, even though they may be artfully drawn but the court can reasonably read and understand them. See, Vega v. Johnson, 149 F.3d 354 (5th Cir. 1998). Courts will go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result. U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996)."

15. Fact: IF in Fact Attorney Christopher S. Dove would have been 'in time' and 'on time' within the summons time limit of thirty (30) or sixty (60) days as defined in the lawful court document known as a "summons" then yes, I would agree that 28 USC 1331, 1332, 1441, 1446 could have applied IF in Fact Attorney Christopher S. Dove would have removed this court case before the time limit ran out.

16. Fact: The question now is DID in Fact Attorney Christopher S. Dove come to this court with clean hands and in good faith some 100 days after this party's Default claim was filed in the lower court?

17. Fact: Any reasonable living party who is able to read and count that you had to answer within 30 or 60 days and can see that both defendants is over 100 days and the 30 or 60 days has elapsed

and Kendra and Cheryl Ross both has failed to comply with a court summons would "Say yes", their time limit has passed to answer.

18. Fact: I, Raasikh "last name of robertson" assert that once a time limit has been met and elapsed; to argue or debate the statue(s) for removal is a frivolous, nonsensical and worthless argument.

19. Fact: There is only one issue. DID Christopher S. Dove' removal happen after or come before the time limit had run out to move this case, OR roughly two month after the fact.

20. Fact: In the Ross vs. Jenkins case the default judgement came within a day of failure to respond not days or weeks or a couple of months yet, within hours for failure to respond.

21. Fact: I, Raasikh "last name of robertson" declare that under the Equal Protection Clause within the 14th amendment and 42 USC 1981 that if the court summons declares 30 or 60 days and the opposing party fails to answer; a default judgement is well within my rights to demand.

22. Fact: To debate or get off subject and allow Attorney Christopher S. Dove to circumvent the laws or rules to by-pass the one question; DID Kendra and Cheryl Ross comply with the Court summons?:

a) The answer is NO.

b) Was Kendra and Cheryl Ross given more than a reasonable amount of time to answer? YES.

c) DID either Kendra or Cheryl Ross respond within the court rules time limit of 30 OR 60 days? NO

d) The point is, if this case goes to trial and the preponderance of evidence, witness testimony and depositions were allowed to be presented it would show how in the case of Ross vs. Jenkins et al was a sham of lies and abuse by the lawyers that withheld evidence under the Brady/Gigolo doctrine. That case would have not turned out in Kendra Ross' favor and this party's case will not be in her favor.

e) Could this party if given a fair and just court hearing and be allowed to address his/her complaint in an open court hearing win? The answer would be YES.

71 Idaho 461 (Idaho 1951)

The order vacating and setting aside the order of default and the entry of default is affirmed....remanded to the State District Court. It is urged by appellant that where the defendant does not make out a case for removal, the jurisdiction of the Federal Court does not attach and the State Court does not surrender its jurisdiction but may proceed with the case as if no application for removal had been made and in the instant case may order the entry of default for failure to answer or otherwise plead to the complaint within the time permitted by the statutes of this state and that defendant takes his chances when he attempts to remove a case not removable.

796 S.W.2d 928 (Mo. Ct. App. 1990)

The trial court denied defendants' motion and this appeal followed.

Default cases are cases to which the defendant has not responded and are ready to be heard by the court unchallenged; they are not then contested.

23. Fact: The "Attorneys/Law firms/Law Colleges" that have Kendra Ross allegedly hidden away and under some form of secret safe-way housing protection program in which, even family members are forbidden to know the location of, were served with a copy of the complaint, affidavit and summons, does this not constitute "Proper Service?" The answer is YES, "see Evidence 'A' attached".

24. Fact: The "Agent" who is now claiming to be Kendra and Cheryl Ross' counsel is filing frivolous paperwork and pointing out facts in the complaint that neither Kendra nor Cheryl Ross has been properly served, has now come before this court making wild racist remarks based on paperwork nobody received?

a) How was Attorney Christopher S. Dove made aware of this case if NOBODY was served?

b) Who contacted Attorney Christopher S. Dove if NOBODY was served?

c) Who is paying Attorney Christopher S. Dove' *billable hours* if NOBODY was served?

d) Does Attorney Christopher S. Dove normally retain cases where there is no apparent party that was served?

25. Fact: Anybody with a reasonable mind and can read plain American English, can see the fraud being placed upon this court and being perpetrated by an Attorney who is required to be under a sworn oath and is in violation of Rule 11 and the federal statutes in the previous filing(s).

26. Fact: Again, 28 USC 96 or 100 is not in dispute here, what's in dispute is the difference between 'the district court of the United States' to that of 'the UNITED STATES DISTRICT COURT OF THE DISTRICT OF KANSAS' or even the DISTRICT OF MARYLAND where these cases set.

27. Fact: Attorney Christopher S. Dove' trickery and forked tongue to claim 28 USC 96 (or even 100) set apart the two courts is a ridiculous statement. It only shows a judicial district not the name of the court IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS as in the heading used on this filing.

a) Kansas constitutes one judicial district.

b) Maryland constitutes one judicial district comprising two divisions.

c) 28 USC 610 court defined clearly by any reasonable mind with a sixth grade education can read the difference or even with a third grade level of reading can see the district court of the United States is spelled different then the UNITED STATES DISTRICT COURT OF THE DISTRICT OF KANSAS or even the DISTRICT OF MARYLAND.

d) Brady vs Maryland Scope of Discovery

A. Brady v. Maryland, 373 U.S. 83, 87 (1963) all "material" information must be provided to the defense by the prosecution.

 B. "Material" evidence includes exculpatory evidence as well as impeachment evidence concerning government witnesses. Strickler v. Greene, 527 U.S. 263, 281-82 (1999).
C. If any law enforcement agent possesses the information or evidence, the prosecutor has an obligation to learn the information and turn it over to the defense. Kyles v. Whitley, 514 U.S. 419 (1995).
D. The defense does not have to request the information -the prosecutor has the obligation to turn it over. United States v. Agurs, 427 U.S. 97, (1976).
E. "Under Brady, the suppression by the State, whether intentional or not, of material evidence favorable to the defendant violates the constitutional guarantee of due process." Walen v. State, 777 N.W.2d 213, 216 (Minn. 2010).

28. Fact: I, " Raasikh last name of robertson" state that it goes without saying that: the UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA is not part of the 50 states but is a federal district likewise as, the United States District Court for the District of the Canal Zone, the United States District Court for the District Court of the Virgin Islands, the United States District Court for the District Court of Guam are not states but federal zones.
29. Fact: Therefore it stands to reason to any reasonable lay private party that the UNITED STATES DISTRICT COURT OF THE DISTRICT OF KANSAS or the UNITED STATES DISTRICT COURT OF THE DISTRICT OF MARYLAND hold the same federal zone outside of the 50 states as the UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA. (DISTRICT OF COLUMBIA FEDERAL ZONE TEN (10) MILE SQUARE)

## CONCLUSION

I, Raasikh "last name of robertson" state the only point and issue is the default of Kendra and Cheryl Ross of no timely filing to dispute the claim before the county court.
Not an unethical sham removal to a federal court under a misleading jurisdictional claim after the fact.

The default claim should have been addressed before the time ran out in like manner the default against Royall Jenkins was held to the strictest letter of the law with no leeway.

Relief: give this party their day in court to prove my claim or give this party their rightful default judgement.

Whereas, KENDRA and CHERYL ROSS agree to the removal to remove it from the county court they cannot have it remanded back to a lower court. This federal court has no other option but to grant the Default in this Petitioner's favor based on a fraudulent removal.

Raasikh Robertson Date 2/19/2021

Raasikh "last name of robertson"
2111 N. 10th Street
Kansas City, KS [66104]

# EVIDENCE 'A'

## (EXHIBIT-A)

## MOTION FOR DEFAULT JUDGEMENT

## 9 PAGES

FILED
2020 DEC 30 PM 1:07
CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
DEPUTY

**IN THE 29th JUDICIAL DISTRICT**
**DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**FOR THE DISTRICT OF KANSAS**
**710 N. 7th Street**
**Kansas City, KS 66101**

**Raasikh Robertson**
Private Individual
2111 N 10th Street
Kansas City, KS 66104

Case#2020-CV-000538

*Plaintiff*

**Kendra Ross**
Private Individual
782 Saxon Court
Charlottesville, VA 22901

DIVISION NO. 3

*Defendant*

**And**

**c/o Kendra Ross**
Ward of:
**Gillian Chadwick**
Washburn University School of Law
1700 SW College Avenue
Topeka, KS 66621

*Defendant*

**And**
**c/o Kendra Ross**
**McGuire Woods LLP**
Elizabeth A. Hutson, Jonathan T. Blank,
Katlyn Farrell, Benjamin P. Abel
2001 K. Street NW Suite 400
Washington, DC 20006

*Defendant*
As her residence is allegedly under protection the above is being served on Kendra Ross' behalf.

**Cheryl Ross**
Private Individual
3547 Spottswood Ave.
Memphis TN 38111

# MOTION FOR DEFAULT JUDGEMENT

I, Petitioner Raasikh Robertson pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Rule 77.2(l)(6) of the Local Rules for the United States District Court for the District of Kansas and Kansas Statute 60-255 - Default and KANSAS 29TH JUDICIAL DISTRICT LOCAL RULE 206 - DEFAULT OR UNCONTESTED HEARINGS respectfully requests that the Judge enter default against Defendants Kendra Ross and Cheryl Ross. In support of this request, Plaintiff relies upon the record in this case, the Court's Memorandum and Order stating that all Defendants "have been served with process and the time has passed for each to answer or otherwise respond to Plaintiff's Complaint and the affidavit submitted herein. I, being the plaintiff intend to file a motion for default judgment presenting evidence for damages pursuant to Rule 55(b) of the Federal Rules of Civil Procedure if this Request is granted and the Clerk enters default against the Defendants.

Respectfully submitted,

Raasikh Robertson (signature) Date: 12/30/2020

Raasikh Robertson
Private Individual
2111 N. 10th Street
Kansas City, KS 66104

# AFFIDAVIT IN SUPPORT OF REOUEST FOR CLERK'S ENTRY OF DEFAULT

I, Raasikh Robertson state as follows:

1. I am the plaintiff of Record in the above-captioned matter and I am familiar with the file, records, and pleadings in this matter.
2. The complaint was filed on September 11th, 2020.
3. Summonses were issued to Defendants Kendra Ross and Cheryl Ross, respectively.
4. Defendant Cheryl Ross was served with a copy of the summons and complaint on October 1st, 2020, as reflected on the ROA Report by the proof of service filed on October 27th, 2020.
5. Defendant Kendra Ross was served with a copy of the summons and complaint on October 1st, 2020, as reflected on the ROA Report by the proof of service filed on October 27th, 2020.
6. Kendra Ross and Cheryl Ross' answer to the complaint was due on November 1st, 2020 for Cheryl Ross and November 7th, 2020 for Kendra Ross, respectively.
7. As of this filing at least 30 additional days for a response on top of the procedural 30 day time frame has been allotted.
8. Defendants have failed to appear, plead, or otherwise defend within the time allowed and therefore are now in default.
9. Plaintiff requests that the clerk of court enter default against Defendants Kendra Ross and Cheryl Ross.

Respectfully submitted,

Raasikh Robertson ____________ December 30th, 2020
AFFIANT SIGNATURE
Raasikh Robertson
Private Individual
2111 N. 10th Street
Kansas City, KS 66104

Jacqueline Punch ____________
NOTARY SIGNATURE:

SEAL:

Jacqueline E. Punch____________________
NOTARY PRINTED FULL LEGAL NAME:

JACQUELINE PUNCH
Notary Public – State of Kansas
My Appointment Expires 10-12-2021

Acknowledgement:

STATE OF KANSAS______COUNTY OF WYANDOTTE______
The foregoing instrument was acknowledged before me this 30th day of December, 2020 by Raasikh Robertson who is personally known to me or who has produced a valid state government identification card.

**CERTIFICATE OF SERVICE**

I certify that on December 30th, 2020_I sent a true copy of this filing to defendants Cheryl Ross, Kendra Ross and all other relevant contacts as listed below at the addresses listed below via certified first class mail, postage pre-paid.

Respectfully Submitted,

Raasikh Robertson (signature) December 30th, 2020

Raasikh Robertson
Private Individual
2111 N 10th Street
Kansas City, KS 66104
913-300-0037

**Kendra Ross**
Private Individual
782 Saxon Court
Charlottesville, VA 22901

and

Ward of:
**Gillian Chadwick**
Washburn University School of Law
1700 SW College Avenue
Topeka, KS 66621

and

**McGuire Woods LLP**
Elizabeth A. Hutson, Jonathan T. Blank,
Katlyn Farrell, Benjamin P. Abel
2001 K. Street NW Suite 400
Washington, DC 20006

As her residence is allegedly under protection the above is being served on Kendra Ross' behalf.

**Cheryl Ross**
Private Individual
3547 Spottswood Ave.
Memphis TN 38111

**DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**

Petitioner/Plaintiff
Raasikh Robertson

Service of Process by SSI Process Server

SERVED

Respondent/Defendant
Cheryl Ross
3547 Spottswood Ave
Memphis, TN 20006

2020 OCT 28 PM 4:4 FILED CLERK DISTRICT COURT WYANDOTTE COUNTY KANSAS

**SUMMONS**
**(Out of State)**

**2020-CV-000538**

To the above named respondent:

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer to the petition with this court and to serve a copy upon the petitioner's attorney, , within 30 days after service of summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. Any related claim which you may have against the petitioner may be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

Kristi L. Hill
Clerk of the District Court

Dated: 9/11/2020

Deputy Clerk

************************ **RETURN OF SERVICE OF SUMMONS** ************************

**I hereby certify that I have served this summons:**

☑ (1) Personal service By delivering a copy of the summons and a copy of the petition to each of the following defendants on the dates indicated: OCT 03RL, 2020.

☐ (2) Residence service. By leaving a copy of the summons and a copy of the petition at the usual place of residence of each of the following defendants on the dates indicated:____________, 20____.

☐ (3) Residence Service and Mailing. By leaving a copy of such summons and a copy of the petition at the usual place of residence of the defendant and mailing by first-class mail a notice that such copies have been left on __________, 20____ at __________.

☐ (4) Agent Service. By delivering a copy of such summons and a copy of the petition to the agent, __________, authorized by appointment or by law to receive service of process on __________, 20____.

☐ (5) No service. The following defendants were not found in this county:

Dated: 10/1/20

(Signature)

4613

# AFFIDAVIT OF SERVICE

**State of Kansas** **County of Wyandotte** **District Court Court**

Case Number: 2020-CV-000538

PNL2020004613

Plaintiff:
**RAASIKH ROBERTSON**

vs.

Defendant:
**KENDRA ROSS; MCGUIREWOODS LLP; CHERYL ROSS**

Received by JSSI Process Server on the 1st day of October, 2020 at 9:16 am to be served on **CHERYL ROSS, 3547 SPOTTSWOOD AVE, MEMPHIS, TN 38111.**

I, OTHNIEL PENN, being duly sworn, depose and say that on the **1st day of October, 2020 at 5:46 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS; PETITION FOR DAMAGES** with the date and hour of service endorsed thereon by me, to: **CHERYL ROSS** at the address of: **3547 SPOTTSWOOD AVE, MEMPHIS, TN 38111**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
10/1/2020 5:46 pm SERVICE COMPLETE at 3547 SPOTTSWOOD AVE, MEMPHIS, TN 38111,

**Description** of Person Served: Age: 54, Sex: F, Race/Skin Color: Black, Height: 5'9, Weight: 200, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I have personal knowledge of the facts stated herein and they are true and correct.

Subscribed and Sworn to before me on

1 day of OCT, 2020 by the affiant who is personally known to me or produced identification.

X [signature]
NOTARY PUBLIC

My Commission Expires 3/2 2024

[signature]
OTHNIEL PENN
PROCESS SERVER # B-233

**JSSI Process Server**
**3485 Poplar Aveune**
**Suite 207**
**Memphis, TN 38111**
**(901) 324-7006**

Our Job Serial Number: PNL-2020004613
Ref: 2020-CV-000538

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

**JSSI Process Server**

**Priorit... STANDARD** **Field Sheet #2020004613**

Received: 10/1/2020 at 9:16 am
Court Date: Filed:

SERVED

**SERVE:**
**CHERYL ROSS, 3547 SPOTTSWOOD AVE, MEMPHIS, TN 38111**

SUMMONS

**SPECIAL INSTRUCTIONS:**
**Attempts** Server: OTHNIEL PE[...] URGENT

| | Date | Time | Comments |
|---|---|---|---|
| 1. | 10/1 | 1:56P | NA |
| 2. | 10/1 | 5:46P | SERVED |
| 3. | / | | |
| 4. | / | | |
| 5. | / | | |
| 6. | / | | |
| 7. | / | | |
| 8. | / | | |

**Actual Service Info**
10/1/20 5:46P Type: INV
Married?
Military?
Served on: CHERYL ROSS As:
Address:
Comments:

Miles
Hours
Additional Addr: 1 2 3
Courier
Out of Pocket Costs

Age 54 Sex M (F) Race BLACK Height 5'9 Weight 200 Hair BLACK Glasses Y (N)

Case Number: 2020-CV-000538 Wyandotte District Court
Plaintiff
RAASIKH ROBERTSON
Defendant
CHERYL ROSS

Type of Writ: **SUMMONS; PETITION FOR DAMAGES**

Client: EPHRAM WOODS
Firm: EPHRAIM WOODS
Phone: (913) 314-0299 Fax:
Client Reference Number: 2020-CV-000538

GPS Verification/Photo Evidence · JSSI PROCESS SERVER · Trust But Verify

I acknowledge that I am in receipt of the legal papers named herein and that they were presented to me by the process server

Cheryl Ross
PRINT NAME OF RECIPIENT

Cheryl Ross
SIGNATURE OF RECIPIENT

10-1-2020
DATE

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

**DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**

Petitioner/Plaintiff
Raasikh Robertson

Respondent/Defendant
Kendra Ross
782 Saxon Ct
Charlottesville, VA 22901

**SUMMONS**
**(Out of State)** **2020-CV-000538**

To the above named respondent:

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer to the petition with this court and to serve a copy upon the petitioner's attorney, , within 30 days after service of summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. Any related claim which you may have against the petitioner may be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

Kristi L. Hill
Clerk of the District Court

Dated: 9/11/2020

Deputy Clerk

************************ **RETURN OF SERVICE OF SUMMONS** ************************

**I hereby certify that I have served this summons:**

☐ (1) Personal service By delivering a copy of the summons and a copy of the petition to each of the following defendants on the dates indicated: ______________________, 20____.

☐ (2) Residence service. By leaving a copy of the summons and a copy of the petition at the usual place of residence of each of the following defendants on the dates indicated: ______________________, 20____.

☑ (3) Residence Service and Mailing. By leaving a copy of such summons and a copy of the petition at the usual place of residence of the defendant and mailing by first-class mail a notice that such copies have been left on OCTOBER 15th, 20 20 at 10:51 AM.

☐ (4) Agent Service. By delivering a copy of such summons and a copy of the petition to the agent, ______________, authorized by appointment or by law to receive service of process on ______________, 20______.

☐ (5) No service. The following defendants were not found in this county:

Dated: 10/27/2020

Raasikh Robertson
(Signature)

USPS TRACKING #

9590 9402 5694 9346 2377 18

United States Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Raasikh Robertson
2111 N 10th Street
Kansas City, KS 66104

2020 OCT 28 PM 4:41

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MCGUIREWOODS LLP
2001 K Street NW
Suite 400
Washington, DC 20006

9590 9402 5694 9346 2377 18

2. Article Number (Transfer from service label)

7019 0160 0000 9234 2901

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

## CERTIFICATE OF SERVICE

I RAASIKH, "last name of robertson" certify that on February 19th, 2021 I sent a true copy of this filing to Cheryl Ross, Kendra Ross and all other relevant parties involved at the addresses listed below via first class mail, postage prepaid:

Raasikh Robertson Date 2/19/2021

Raasikh "last name of robertson"
2111 N. 10th Street
Kansas City, KS [66104]

Cc

Attorney Christopher S. Dove
DRZ Law -Leawood
8700 State Line Road Suite 305
Leadwood, Kansas 66206

Cheryl Ross
Private Individual
3547 Spottswood Ave.
Memphis TN 38111